UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST J. CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY JAIL, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-3187 EMC (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

### I.     INTRODUCTION

Ernest J. Clark, an inmate at the Alameda County Santa Rita Jail in Dublin, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

### II.     BACKGROUND

In his complaint, Clark alleges that he fell while descending from the top bunk in his cell at about 6:50 a.m. on April 4, 2011. He hit his head and hurt his neck, head, and back. Clark alleges that there are "foot posts" (apparently meaning steps) on the side of the bed but he believes there should be more steps or differently placed steps to facilitate safe entry and exit from the top bunk. Docket # 1, p. 7. The day he fell, Clark had stepped onto a slippery table and a stool as he climbed down from the top bunk of the bunk bed.

After Clark fell, he asked his cell-mate to summon help. A deputy came and inquired about Clark's condition, and then summoned a nurse. The nurse evaluated him, and Clark told her that it was painful to move his neck. The nurse determined that he should remain in his cell. Clark was told by an unidentified person to lay on a mattress on the floor in the cell and that he would see a

1  doctor some time that morning. Clark did not see a doctor, although at about 12:30, another deputy
2  and nurse came to Clark's cell and told him they would give him Motrin for pain for a few days. The
3  next day, Clark filled out a medical request form, asking to see a doctor. X-rays were taken; an x-
4  ray technician told him he had some kind of neck injury, but the report stated that, after exam, there
5  were no signs of injury to back or head. Clark continued to get headaches "every so often." *Id.* at 7.
6       At the time of the incident, Clark was in jail serving an eight-month sentence on a parole
7  violation. *See id.* at 7.

### III.  DISCUSSION

9       A federal court must engage in a preliminary screening of any case in which a prisoner seeks
10 redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.
11 § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims
12 which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
13 monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se*
14 pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
15 (9th Cir. 1990).
16      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right
17 secured by the Constitution or laws of the United States was violated and (2) that the violation was
18 committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48
19 (1988).

20 A.  Bunk Bed Claim

21      The Eighth Amendment is the applicable constitutional provision for conditions of
22 confinement claims from this plaintiff who was a convict serving a parole violation term at the time
23 of the events and omissions giving rise to the complaint. *See generally Bell v. Wolfish*, 441 U.S.
24 520, 535 n.16 (1979). The Eighth Amendment's prohibition of cruel and unusual punishment
25 requires that prison officials take reasonable measures for the safety of inmates. *See Farmer v.*
26 *Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when
27 two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the
28 official is, subjectively, deliberately indifferent to the inmate's safety. *See id.* at 834. "[O]nly those

deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted).

The bunk bed as described in the complaint does not satisfy the objective prong for an Eighth Amendment violation. The Eighth Amendment's prohibition of cruel and unusual punishment "imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. However, every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials." *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir. 1996).

Requiring an able-bodied inmate to use bunk beds with foot posts but without a ladder, handrails, or more steps does not deny him the minimal civilized measure of life's necessities. *See Connolly v. County of Suffolk*, 533 F. Supp. 2d 236 (D. Mass. 2008) (summary judgment granted for defendants because ladderless bunk beds did not meet objective component of Eighth Amendment in light of evidence that "[t]housands of . . . inmates access bunk beds daily without the aid of a ladder and without incident" and only about a dozen injuries had been reported).[1] *See generally Osolinski v. Kane*, 92 F.3d at 938 (defendants entitled to qualified immunity against prisoner's Eighth Amendment claim stemming from second degree burns suffered when oven door fell off its hinges and burned his arms); *Jackson v. State of Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (slippery floors, by themselves, do not amount to cruel and unusual punishment).

---

[1] Several unpublished cases also have given short shrift to the ladderless bunk bed claims from inmates. *See Brown v. Anderson*, 2010 WL 199692, *2 (D. S.C. 2010) (allegations that "defendants failed to provide a safe way for Plaintiff to get into the top bunk of a six foot high bunk bed, which caused him to fall and sustain a head injury . . . . at most, present a claim based on state law for negligence"); *id.* at *3 (even if it could be inferred "that the defendants had general knowledge that an inmate could possibly slip and fall in attempting to get into a bunk bed, that is not deliberate indifference to a specific risk to Plaintiff that rises to the level of a constitutional violation"); *Jones v. La. Dept. of Public Safety and Corrections*, 2009 WL 1310940, *2 (W. D. La. 2009) (dismissing on initial review an Eighth Amendment claim from prisoner injured when his foot slipped on cell bars he had to climb on to reach his upper bunk because it didn't have a ladder – condition did not satisfy objective prong of Eighth Amendment test); *id.* at *4 (summarily dismissing request for injunction compelling prison officials to install ladders on bunk beds); *Marino v. United States*, 978 F.2d 1263, 1992 WL 315229 (8th Cir. 1992) (affirming summary judgment for defendants on FTCA claim from prisoner who fell while descending from ladderless upper bunk).

1    Clark has not shown that the bunk bed provided presented an objectively serious risk to
2 inmate safety. The fact that Clark fell as he descended by stepping on the table and stool in the cell
3 does not show that the fall is more likely the result of a dangerous condition than not. Even with
4 liberal construction, the complaint does not allege facts that would allow one to determine that the
5 bunk bed posed a serious risk to Clark's safety. The facts alleged are, at most, suggestive of
6 negligence, but neither negligence nor gross negligence is actionable under § 1983 in the prison
7 context. *See Farmer*, 511 U.S. at 835-36 & n.4.

8    The complaint also does not satisfy the subjective prong of an Eighth Amendment claim
9 because it does not allege facts suggestive of deliberate indifference by jail officials to a known risk
10 to Clark's safety. Any risk posed by bunk beds without ladders, handrails or additional steps is not
11 obvious enough to lead to an inference of subjective awareness of a substantial risk of harm to the
12 inmate required to use it.

13 B.   Medical Care Claim

14   When an inmate alleges that his medical care has been constitutionally inadequate, he must
15 allege two things to state a claim: (1) a serious medical need and (2) deliberate indifference to that
16 need by prison officials. *See McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled*
17 *on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

18   Clark's complaint fails to state a claim for deliberate indifference to a serious medical need.
19 His complaint shows that he was evaluated by a nurse shortly after the fall. The nurse had been
20 summoned by a deputy after the deputy was alerted to the situation. The nurse determined that
21 Clark did not need further care at the moment, and another nurse who evaluated him later provided
22 him with medicine for his complaints of pain. Clark filled out a medical care request form and x-
23 rays were taken the day after the fall. The medical report stated that he was determined to have no
24 acute injury. Clark apparently felt short-changed in not being allowed to see a doctor, but has failed
25 to allege anything suggesting the care that he did receive from the nurses amounted to deliberate
26 indifference to a serious medical need.

27 ///
28 ///

4

Leave to amend will be granted so that Clark may attempt to allege an Eighth Amendment claim based on the response to his medical needs. He must allege facts suggestive of both a serious medical need and deliberate indifference to it by defendants.

In an amended complaint, Clark must be careful to allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name (or by a Doe defendant designation) and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). The defendant Alameda County Jail is a place, and a place is not a proper defendant. If Clark wants to sue the municipality, he may name that as a defendant, but is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability just because an entity employs a person who has violated his rights. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

## IV. CONCLUSION

The complaint fails to state a claim upon which relief may be granted. Leave to amend will be granted so that Clark may attempt to state a claim. The amended complaint must be filed no later than **March 16, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Clark is cautioned that his amended complaint

///
///
///
///

must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."). Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: February 16, 2012

_____
EDWARD M. CHEN
United States District Judge